FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 1 7 2012

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| PRINCE TONY GOODO,<br><br>        Petitioner,<br><br>    v.<br><br>ROBERT AMBROSELLI,<br><br>        Respondent.<br>_____ | Case No. CV 12-0314-MLG<br><br>MEMORANDUM OPINION AND ORDER<br>DISMISSING PETITION FOR WRIT OF<br>HABEAS CORPUS AND DENYING<br>CERTIFICATE OF APPEALABILITY |

## I.    Background

On January 12, 2012, Petitioner filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The underlying facts show that on March 23, 2009, Petitioner pled no contest in the Los Angeles County Superior Court to one count of failing to register as a sex offender. (Cal. Penal Code § 290(b)). (Lodgments 1, 2.) On May 4, 2009, Petitioner was sentenced to a prison term of 32 months. (Lodgments 1, 3.)

On June 17, 2009, Petitioner filed a motion to withdraw his no contest plea, which was denied on July 2, 2009. (Lodgment 13 at Ex. M, Lodgment 4.) On July 2, 2009, Petitioner filed a notice of appeal and request for a certificate of probable cause in the superior

---

[1] Both parties have consented to have a magistrate judge conduct all proceedings in this case. See 28 U.S.C. § 636(c)(1). (Docket Nos. 5 and 7.)

1 court.[2] (Lodgment 5.) The superior court denied the request for a
2 certificate of probable cause on July 22, 2009. (Lodgment 6.)

3     On January 14, 2010, Petitioner filed[3] a second motion to
4 withdraw his no contest plea in the superior court. (Lodgment 9.) The
5 superior court denied the motion on February 26, 2010. (Lodgment 10.)
6 On February 8, 2010, Petitioner filed a habeas corpus petition in the
7 superior court, which was likewise denied on February 26, 2010.
8 (Lodgments 11, 12.)

9     On June 6, 2010, Petitioner filed a habeas corpus petition in
10 the California Court of Appeal. (Lodgment 13.) The court of appeal
11 denied the petition on July 8, 2010 for failure to state facts or
12 provide sufficient evidence to demonstrate an entitlement to relief.
13 (Lodgment 14.)

14     On August 27, 2010, Petitioner filed a habeas corpus petition
15 in the California Supreme Court (Lodgment 15), which was summarily
16 denied on January 12, 2011. (Lodgment 16.)

17     As noted, the current section 2254 petition was filed on January
18 12, 2012. On March 15, 2012, Respondent filed a motion to dismiss,
19 claiming that the petition is untimely. Petitioner did not file an
20 opposition in the time allowed. The matter is ready for decision.

21
22

23    [2] Under California law, a defendant who has pled no contest must obtain a certificate of probable cause from the superior court in order
24 to challenge the validity of the plea on appeal. The failure to do so deprives the California Court of Appeal of jurisdiction. Cal. Penal
25 Code § 1237.5.

26    [3] Petitioner is entitled to application of the prison "mailbox rule," pursuant to *Houston v. Lack*, 487 U.S. 266, 276 (1988). Thus, the
27 Court will assume that Petitioner delivered his motion to withdraw the plea and his state habeas petitions to prison authorities for mailing
28 on the date that each petition was signed, and that date will be deemed the date of filing.

## II.  Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitations period applies to a federal petition for writ of habeas corpus filed by a person in state custody. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four alternative accrual dates (*see* 28 U.S.C. § 2244(d)(1)(A)-(D)); and in most cases, including this one, the limitations period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced on May 4, 2009. Because Petitioner did not appeal the judgment, his conviction ordinarily would have become final on July 3, 2009, 60 days after he was sentenced. *See* Cal. R. Ct. 8.308(a); *Griffith v. Kentucky*, 479 U.S. 314, 321, n.6 (1987) (a case becomes final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or was denied), *see also Gonzalez v. Thaler*, --- S.Ct. ----, 2012 WL 43513, at *9 (Jan. 10, 2012). However, Petitioner filed a request for a certificate of probable cause on July 2, 2009, which was denied by the superior court on July 22, 2009. (Lodgments 5, 6.) Accordingly, the judgment will be deemed final as of July 22, 2009. *See Wiggins v. Hartley*, 2011 WL 7143223, at *4 (C.D. Cal. 2011) (noting that "judgment did not become final until the appellate process ceased with the denial of [the petitioner's] request for a Certificate of Probable Cause by the superior court").

Petitioner could not file a petition for writ of certiorari to the United States Supreme Court because he did not appeal to the

3

California Supreme Court. *See* 28 U.S.C. §§ 1257, 2101(d); Sup. Ct. R. 13. Therefore, Petitioner had one year from the date the judgment became final on July 22, 2009, until July 22, 2010, to timely file a habeas corpus petition in this Court. *See Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). Here, Petitioner did not file this section 2254 petition until January 12, 2012, almost 18 months too late. Absent some basis for tolling the limitations period for that amount of time, or some other basis for delaying the commencement of the limitations period, the petition is untimely.

**A.    Statutory Tolling**

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The entire period of time for a full round of collateral review, from the filing of a first state habeas petition to the time the last state habeas petition is denied, including so-called "gap tolling" for the periods of time between such state habeas petitions, may be deemed "pending" and tolled, so long as the state petitioner proceeds in a hierarchical order from one lower state court to a higher state court. *See Carey v. Saffold*, 536 U.S. 214, 223 (2002).

As noted, the state court judgment became final on July 22, 2009. Petitioner filed his second motion to withdraw his plea in the superior court on January 14, 2010. Because no state application was pending between those two dates, Petitioner is not entitled to tolling of the limitations period for that period of time. Accordingly, as of January 14, 2010, Petitioner had 190 days left in

4

1 the one-year limitations period.

2      Petitioner's motion to withdraw the plea was denied by the
3 superior court on February 26, 2010. (Lodgment 10.) Therefore, the
4 period of limitations began to run again on February 27, 2010, giving
5 Petitioner until September 5, 2010, to timely file a section 2254
6 petition.

7      However, no further action contesting the judgment was taken for
8 99 days, until June 6, 2010, when Petitioner constructively filed a
9 habeas corpus petition in the court of appeal. (Lodgment 13.)
10 Petitioner is not entitled to statutory tolling for this 99-day
11 period because on its face, the delay was not reasonable. State post-
12 conviction relief is "pending": (1) while a state court considers a
13 claim for relief, and (2) during the period between a lower court's
14 adverse determination and a "timely" appeal of that determination.
15 *Carey v. Saffold*, 536 U.S. at 226; *accord Evans v. Chavis*, 546 U.S.
16 189, 191 (2006). California does not require that a subsequent
17 petition for collateral review be filed within a fixed period in
18 order to be timely. Such a petition is timely if filed "within a
19 reasonable time." *See, e.g., In re Harris*, 5 Cal.4th 813, 828 n.7
20 (1993). Accordingly, a state petition for writ of habeas corpus is
21 "timely" for purposes of statutory tolling if it was filed within
22 what California courts would consider a "reasonable time." *Saffold*,
23 536 U.S. at 222-23; *accord Chavis*, 546 U.S. at 192-93; *Waldrip v.*
24 *Hall*, 548 F.3d 729, 734-35 (9th Cir. 2008).

25      In *Saffold*, the Supreme Court addressed this "reasonable time"
26 inquiry. On the basis of the statutory appeal periods for other
27 states, the Court assumed that a filing within 60 days of the
28 previous decision to be within a reasonable time. *Saffold*, 536 U.S.

5

1   at 222-23; *discussed in Chavis*, 546 U.S. at 199-200. The Supreme
2   Court likewise determined that a filing after six months without
3   explanation is unreasonable. *Chavis*, 546 U.S. at 201; *see also, e.g.,*
4   *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010); *Waldrip*, 548
5   F.3d at 734-35.

6      In *Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011), the
7   Court found that a habeas corpus petitioner was not entitled to
8   statutory tolling for a gap of 91 days between a superior court
9   denial and a court of appeal filing or 81 days between the court of
10  appeal denial and a supreme court filing. In doing so, the Court
11  noted that it had previously declined to toll the limitations period
12  for unexplained gaps of 115 days and 101 days (*Chaffer v. Prosper*,
13  592 F.3d 1046, 1048 (9th Cir. 2010)) and 146 days (*Banjo v. Ayers* 614
14  F.3d 964, 970 (9th Cir. 2010)). *Id*. Because the 91 and 81 day gaps
15  in *Velasquez* were "far longer" than the 30-60 day benchmarks
16  announced by the Supreme Court, it was found that the state petitions
17  were untimely under California law. *Id*. In the absence of an adequate
18  explanation for the delay, the delays were deemed unreasonable and
19  gap tolling was not available. *Id*.

20     Here, 99 days passed between the denial of the motion to
21  withdraw the plea by the superior court and the proper filing of a
22  habeas corpus petition in the court of appeal. Because there is no
23  adequate explanation, this delay is patently unreasonable under
24  *Saffold* and *Velasquez*.

25     Accordingly, as of June 6, 2010, Petitioner had 91 days left in
26  the limitations period. The court of appeal denied Petitioner's
27  habeas petition on July 8, 2010, so he is entitled to tolling from
28  June 6, 2010 until July 8, 2010.

6

1    Petitioner next filed a habeas corpus petition in the California
2  Supreme Court on August 27, 2010. Petitioner is entitled to tolling
3  for the period of time that his petition was pending in the
4  California Supreme Court, through January 12, 2011. But as of the
5  latter date, Petitioner still only had 91 days left, until April 13,
6  2011, in the one-year limitations period. The instant petition was
7  not filed until January 12, 2012, 274 days too late.

8    Accordingly, absent a basis for equitable tolling, the petition
9  was untimely filed.

10  **B.  Equitable Tolling**

11   AEDPA's limitations provision is subject to equitable tolling
12  if a prisoner can demonstrate that "extraordinary circumstances"
13  beyond his control stood in the way of filing a petition on time and
14  he exercised reasonable diligence in attempting to timely file the
15  petition. *Holland v. Florida*, --- U.S. --- , 130 S.Ct. 2549, 2560-62
16  (2010); *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011) (applying
17  *Holland*); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir.
18  2009). Thus, in rare and limited circumstances, it is proper for a
19  court to equitably toll AEDPA's statute of limitations. *See, e.g.,*
20  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

21   The determination of whether to apply the equitable tolling
22  doctrine is highly fact specific, and the petitioner "bears the
23  burden of showing that equitable tolling is appropriate."
24  *Espinoza-Matthews* v. California, 432 F.3d 1021, 1026 (9th Cir. 2005)
25  (quoting *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005)).
26  Here, however, Petitioner has not filed an opposition to the motion
27  to dismiss and has not alleged any basis for invoking the doctrine
28  of equitable tolling and accordingly, such tolling is not available.

**III. Order**

For the reasons discussed above, Respondent's motion to dismiss the petition as untimely is GRANTED and this petition is DISMISSED with prejudice.

In addition, because Petitioner cannot make a colorable claim that jurists of reason would find debatable or wrong the decision dismissing the petition as untimely, Petitioner is not entitled to a Certificate of Appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated: April 17, 2012

Marc L. Goldman
United States Magistrate Judge